UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.H., a minor, by and through his guardian ad litem CHEYENNE HARRIGER,<br><br>Plaintiff,<br><br>v.<br><br>FRUITVALE SCHOOL DISTRICT, et al.,<br><br>Defendant. | No.  1:24-cv-00001-KES-CDB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S OPPOSITION TO AMENDED MOTION TO STRIKE<br><br>(Doc. 27) |

Pending before the Court is Defendants' motion for leave to file an untimely reply to Plaintiff's opposition to Defendants' amended motion to strike.[1]  Doc. 27.  Plaintiff opposes the motion.  Doc. 32.  The pending motion will be decided without oral argument.  *See* L.R. 230(g).  For the reasons stated below, the Court GRANTS Defendants' motion to file their reply brief to Plaintiff's opposition to the amended motion to strike.

---

[1] Defendants filed duplicate copies of their motion for leave to file an untimely reply brief.  *See* Docs. 26, 27.  While Defendants docketed one of their motions as a motion to file an untimely reply in support of their amended motion to dismiss, the filed document is simply a duplicate of their motion to file an untimely reply in support of their amended motion to strike.  *Id.*  The Court therefore considers the later filed copy of Defendants' motion to file an untimely reply in support of their amended motion to strike.  *See* Doc. 27.  The identical filing at Doc. 26 is ordered stricken as duplicative.

1

On February 2, 2024, Defendants filed three duplicate copies of an amended motion to strike. Docs. 19, 20, 21.[2] Plaintiff filed an opposition to the amended motion to strike on February 16, 2024 (Doc. 25), and Defendants' reply was therefore due by February 26, 2024. L.R. 230(d).

On March 7, 2024, Defendants requested leave to file an untimely reply to Plaintiff's opposition to the motion to strike. Doc. 27. Defendants state that their failure to file a timely reply was due to a "scheduling and calendaring error." Doc. 27-1 at 2. Defendants argue that an untimely reply will not prejudice Plaintiff and that the reply will clarify issues raised in the opposition to the motion to strike. *Id.* Plaintiff argues that Defendants have failed to provide a reason for their delay that would constitute excusable neglect or a compelling reason that justifies missing the filing deadline. Doc. 32 at 7-8.

Under Federal Rule of Civil Procedure 6(b), when a party fails to timely file a brief, "the court may, for good cause, extend the time" to file such brief "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). "Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,'" and may include "'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 507 U.S. 380, 388, 394 (1993)) (alterations omitted). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). In determining whether the neglect was excusable, the Court considers: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395). These factors are "not an exclusive list," *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997); the Court must consider "all relevant circumstances," *Pioneer*, 507 U.S. at 395.

---

[2] The court deems the latest-filed copy (Doc. 21) as the operative amended motion to strike. Defendants' identical filings at Doc. 19 and Doc. 20 are ordered stricken as duplicative.

2

The Court is concerned by Defendants' repeated filing of duplicate motion pleadings coupled with Defendants' failure to timely file its reply brief. Nonetheless, the Court finds that on balance the *Pioneer* factors weigh in favor of finding that Defendants' failure to timely file their reply in support of their amended motion to strike resulted from excusable neglect. First, Plaintiffs have not alleged they will suffer prejudice from a late filed reply to the opposition to the amended motion to strike. Plaintiffs allege that allowing Defendants leave to file an untimely reply in support of Defendants' motion to dismiss would further delay the proceedings, but Defendants have not moved to file any such reply. The ten-day delay in filing a reply in support of the motion to strike has not significantly impacted the proceedings and there is no evidence that Plaintiff will be prejudiced. Second, the Court finds that Defendants' ten-day delay in filing the reply was minimal and did not significantly impact the proceedings. *See, e.g., Linder v. Bridge*, 2015 WL 1778608, at *4 (N.D. Cal. Apr. 17, 2015) (finding delay of eight days was "fairly minor"). Third, although the Court is concerned that Defendants fail to explain their repeated filing of duplicate motion documents, the Court finds Defendants' reason for delay in filing the reply in support of the motion to strike – a calendaring mistake which Defendants attempted to correct within ten days – constitutes excusable neglect. *See, e.g.*, *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (affirming district court decision finding failure to calendar deadline was excusable neglect); *Ahanchian*, 624 F.3d 1262 (9th Cir. 2010) ("While a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, we have previously found the identical mistake to be excusable neglect."). Finally, the parties do not dispute that Defendants acted in good faith. *See generally* Doc. 32.

Based on the record, the Court concludes Defendants' failure to timely file their reply in support of their amended motion to strike constitutes excusable neglect. Accordingly, the Court hereby ORDERS that:

1. Defendants' motion for leave to file a reply brief (Doc. 27) in support of their amended motion to strike is GRANTED.
2. The Clerk of the Court shall docket Defendants' reply brief, attached as Exhibit B to the Declaration of Brian K. Chin for Defendants' motion for leave to file reply brief

  **(Doc. 27-3 at 51-57)**, as Defendants' reply in support of their amended motion to strike (Doc. 21).

3. Defendants' duplicate filing of their motion for leave to file a reply brief (Doc. 26) in support of their amended motion to strike is ORDERED STRICKEN.

4. Defendants' duplicate filings of their amended motion to strike (Doc. 19 and Doc. 20) are ORDERED STRICKEN.

IT IS SO ORDERED.

Dated:  April 25, 2024

                 UNITED STATES DISTRICT JUDGE

4